UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE 19TH CIVIL COURT OF FIRST INSTANCE ISTANBUL, TURKEY IN ELIF KARATAS V. CUMA ALI OZEVIN, | Case No. 22-mc-80279-JSC<br><br>**ORDER RE: SECTION 1782 APPLICATION**<br><br>Re: Dkt. No. 1 |

In this civil action, the 19th Civil Court of First Instance, Istanbul, requests judicial assistance from the U.S. Department of Justice to obtain non-content consumer information from Meta Platforms, Inc.  The United States Government's application for an order pursuant to 28 U.S.C. § 1972 is now pending before the Court.  Upon consideration of the application and the relevant legal authority, the Court GRANTS the Government's application.

**PROCEDURAL BACKGROUND**

On behalf of the 19th Civil Court of First Instance, Istanbul, the Turkish Ministry of Justice requests that the U.S. Attorney's Office for the Northern District of California obtain consumer information and documents from Meta.  (Dkt. No. 1-1 at 1.)  Specifically, the Turkish court requests the following for its pending matter *Elif Karatas v. Cuma Ali Özevin*:

1. The identity of the owner of the @ali_ozevinnn Instagram account;
2. Whether the @ali_ozevinnn Instagram account is still active, and if not:

    a) Whether the ali_ozevinnn Instagram account has been used by others as of February 26, 2021; and

    b) The IP addresses that were used to access the @ali_ozevinnn Instagram account.

(Dkt. No. 1-1 at 1.)  Further, the U.S. Attorney's Office requests the appointment of Assistant U.S.

Attorney J. Wesley Samples as Commissioner to obtain the requested information from Meta. (Dkt. No. 1-3 at 1.) AUSA Samples notified Meta of the request and Meta does not object to the proposed order. (Dkt. No. 1-2 at 1.)

## LEGAL STANDARD

Section 1782(a) provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court.

28 U.S.C. § 1782(a). Under Section 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). Parties commonly file ex parte applications under Section 1782 "as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (finding Letters Rogatory an acceptable method to request discovery under Section 1782). A Section 1782 application must satisfy statutory requirements. Even if the threshold requirements are met, however, a district court is not required to grant an application and can consider discretionary factors. *Intel*, 542 U.S. at 264-66.

## DISCUSSION

Here, the Turkish court satisfies the statutory requirements and the discretionary factors set forth by the Supreme Court in *Intel*. 542 U.S. at 264-65. The application also satisfies the requirements to appoint an AUSA as Commissioner to collect the requested discovery.

**A.    Statutory Requirements**

A Section 1782 applicant must show:

> (1) the person from whom the discovery is sought resides or is found

2

> in the district of the district court where the application is made; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person.

*Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (cleaned up).

Here, the Turkish Court satisfies all three statutory requirements. First, Meta is headquartered in Menlo Park, CA, which is located in the Northern District of California. (Dkt. No. 1-1 at 1.) Business entities are "found" in the judicial district they are incorporated or headquartered. 28 U.S.C. § 1782(a); *In re Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (defendants headquartered in the Northern District of California and thus found here). Second, the requested discovery is for use in a Turkish lawsuit before the 19th Civil Court—*Elif Karatas v. Cuma Ali Özevin*. (Dkt. No. 1-2 at 1, 5.); *cf. Intel*, 542 U.S. at 258-59 ("a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent"). Lastly, the United States filed this application on behalf of the 19th Civil Court of First Instance, Istanbul, a foreign tribunal. (Dkt. No. 1-2 at 4.)

## B. Discretionary Factors

Federal district courts retain wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 264. In exercising its discretion, a court considers the following non-exhaustive factors:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Id.* at 264-65. A district court's discretion under Section 1782 must be exercised in light of the statute's twin aims: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

1    The Court finds good cause to exercise its discretion because the *Intel* factors weigh in
2    favor of granting the Turkish court's application. The first factor generally weighs against
3    authorizing discovery if the person from whom it is sought is a participant in the foreign
4    proceeding because the "foreign tribunal has jurisdiction over those appearing before it and can
5    itself order them to produce evidence." *Id.* at 264. Conversely, "nonparticipants in the foreign
6    proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence,
7    available in the United States, may be unobtainable absent Section 1782(a) aid." *Id.* Here, Meta
8    is not a litigant in the Turkish lawsuit. (Dkt. No. 1-2 at 4.) Further, the Turkish court likely
9    cannot obtain the requested discovery absent Section 1782 aid.

Second, that a Turkish court requests the information indicates it is receptive to assistance, and that its request is not an attempt to circumvent proof-gathering restrictions in either the U.S. or Turkey. (Dkt. No. 1-2 at 4.); *see In re: Request for Int'l Jud. Assistance From the Turkish Ministry of Just.,* No. 16-MC-80108-JSC, 2016 WL 2957032, at *2 (N.D. Cal. May 23, 2016) (finding that Turkey requesting the information made clear that the Turkish court was receptive to this Court's assistance). Moreover, the Turkish court requests the U.S. Department of Justice's assistance, which further demonstrates that the request is not an attempt to circumvent U.S. proof-gathering restrictions.

Lastly, it does not appear the request is unduly intrusive or burdensome. The request is currently limited to non-content information and Meta does not object. (Dkt. No. 1-1 at 1; Dkt. No. 1-2 at 1.)

**C.    Request to Appoint AUSA Samples as Commissioner**

"When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an ex parte application for an order appointing a commissioner to collect the information." *In re Sungrove Co., Ltd.*, No. 22-MC-80225-JSC, 2022 WL 4468275, at *1 (N.D. Cal. Sept. 26, 2022) (citing *Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219 (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order)); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-

4

80069 LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting ex parte application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same). Under Section 1782, the court-appointed commissioner can "administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1782(a).

Here, the Court will appoint AUSA Samples as Commissioner, and thereby authorize him to obtain the requested information from Meta on behalf of the Turkish court. Courts in this district, and others within the Ninth Circuit, have appointed AUSAs as Commissioners and authorized them to obtain requested discovery. *See Int'l Jud. Assistance From the Turkish Ministry of Just.,* 2016 WL 2957032, at *2 (appointing AUSA Wendy M. Garbers as Commissioner and authorizing her to obtain the requested non-content information from Facebook); *see also In re Letter of Request from Loc. Ct. in Kusel, Germany*, No. 1:22-CV-01009-CL, 2022 WL 5142753, at *4 (D. Or. Oct. 5, 2022); *In re Request for Jud. Assistance From People's Ct. of Da Nang City in Vietnam in Matter of Dinh v. Nguyen*, No. 22-MC-80149-JST, 2022 WL 3327923, at *3 (N.D. Cal. Aug. 11, 2022).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Turkish court's Section 1782 application and appoints Assistant U.S. Attorney J. Wesley Samples as Commissioner to obtain information from Meta in accordance with the discovery request.

1. Upon receipt of the subpoena, Meta Platforms, Inc. shall promptly make a diligent search for the non-content information described in § 2703(c)(2) of the Stored Communications Act, 18 U.S.C. §§ 2701-2711, related to the @ali_ozevinnn Instagram account, as requested by the 19th Civil Court of First Instance Istanbul, Turkey. This Order does not require Meta Platforms, Inc. to disclose any information that would be inconsistent with its obligations under the federal Stored Communications Act.

2. Within 30 calendar days from receipt of the subpoena and after providing notice to the user associated with any identified Instagram account, Meta Platforms, Inc. shall produce the information described in paragraph 1, to the extent it is available, along with a notarized

verification signed under penalty of perjury to AUSA Samples, unless the user files, within 14 calendar days from the date he or she receives the subpoena, an objection or a motion to quash in this action, served on both Meta Platforms, Inc. and AUSA Samples. If there is such an objection or motion to quash filed, Meta Platforms, Inc. need not produce the information until after the Court rules on the issue.

3. This Order does not preclude the United States from filing an amended petition for a further order authorizing an amended subpoena requesting additional information from Meta Platforms, Inc. in the event the 19th Civil Court of First Instance Istanbul, Turkey, requests additional information from Meta Platforms, Inc. after reviewing Meta Platforms, Inc.'s response to the subpoena authorized by this Order.

4. This Order does not preclude Meta Platforms, Inc. from filing a motion to quash or modify the subpoena under any applicable Federal Rule or statute.

**IT IS SO ORDERED.**

Dated: January 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge